UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:13-CV-P85-M

**DENNIS LEE CALLOWAY**                                                                             **PLAINTIFF**

v.

**LOGAN COUNTY DETENTION CENTER et al.**                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Dennis Lee Calloway, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 594 U.S. 199 (2007)). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff, who was incarcerated at the Logan County Detention Center (LCDC), names as Defendants Jailer Bill Jenkins, in his individual and official capacities, and the LCDC. Plaintiff alleges that between September 28 and February 18 (presumably of 2012) his Eighth Amendment rights were violated when he was "forced to live in cells that were infested with black mold on the walls that were created from water leaking from the ceilings and windows running down the walls and across the floors." He alleges that these living conditions caused a skin rash on his arm and "crotch area." He states that he has been allergic to penicillin (which he describes as "a form of mold") since birth. He states that when he slept in the cell his linens got wet from water running down the walls and when he slept on the floor, the floor was wet. He attaches a request form and response from Defendant Jenkins. In that response, Defendant

Jenkins states:

> The cells are not leaking – It is being caused by a condensation problem resulting in poor construction. I had 2 geothermal engineers come in to see if we can fix it. There is no crawl space or [illegible] above any cells so it cannot be corrected – This happens every year but it is especially bad in late fall and early spring.

As relief, he requests monetary and punitive damages as well as disciplinary action against the jailer and improved conditions for other inmates. Plaintiff is no longer housed at LCDC.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

*Injunctive relief*

Plaintiff's request for injunctive relief relating to disciplinary action against the jailer is moot because he is no longer incarcerated at the LCDC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Moreover, he cannot request injunctive relief on behalf of other prisoners at LCDC because he lacks standing to do so. Plaintiff may only assert those claims which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Therefore, his request for injunctive relief will be dismissed as frivolous for lack of subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

*Monetary and punitive damages*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's claims against Defendant Jenkins in his official capacity are actually brought against the Logan County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Similarly, as the Logan County Detention Center is not an entity subject to suit, *see id.*, the claims against the detention center must be brought against Logan County as the real party in interest. *Id.* (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, like Logan County, a court must

analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex*., 503 U.S. 115, 120 (1992). For purposes of initial screening, the Court assumes that Plaintiff has been exposed to unhealthy conditions of confinement resulting in a rash.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, the complaint and attachments thereto read liberally identify a policy or policies causing the alleged constitutional violations. The Court will allow Plaintiff's claim for monetary damages to go forward against Logan County (*i.e.*, LCDC and Defendant Jenkins in his official capacity). The Court also will allow the claims to go forward against Defendant Jenkins in his individual capacity.

## III. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

The Court will enter a Scheduling Order to govern the development of the remaining claims. In allowing those claims to go forward, the Court expresses no opinion on their ultimate merit.

Date: September 24, 2013

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                              **United States District Court**

cc:      Plaintiff, *pro se*
            Defendants
            Logan County Attorney
4414.009