# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**DENNIS LEE CALLOWAY**                                                     **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:13-CV-P85-M**

**LOGAN COUNTY DETENTION CENTER et al.**                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dennis Lee Calloway, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Logan County Detention Center (LCDC) and Jailer Bill Jenkins. On initial screening pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims for monetary damages to go forward against Logan County (*i.e.*, LCDC and Defendant Jenkins in his official capacity). The Court also allowed the claims to go forward against Defendant Jenkins in his individual capacity. Before the Court is the motion for summary judgment filed by Defendants (DN 41). For the following reasons, the Court will grant Defendants' motion.

## I. SUMMARY OF CLAIMS

In his complaint, Plaintiff alleged that between September 28 and February 18, 2012, his Eighth Amendment rights were violated while he was incarcerated at LCDC[1] because he was "forced to live in cells that were infested with black mold on the walls that were created from water leaking from the ceilings and windows running down the walls and across the floors." He alleged that these living conditions caused a skin rash on his arm and "crotch area." He stated that he has been allergic to penicillin (which he describes as "a form of mold") since birth.

---

[1] He has since been transferred to Roederer Correctional Complex (RCC).

## II. ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

In their motion for summary judgment, Defendants argue that Plaintiff fails to allege the necessary physical injury required by the Prison Litigation Reform Act (PLRA). They further argue that Plaintiff failed to exhaust his administrative remedies as required by the PLRA because he did not grieve his assertions that his skin problems were caused by mold or water at LCDC and because Plaintiff did not appeal any of his grievances to the County Judge Executive. Defendants further argue that Plaintiff has not supported his contention that Defendants violated his constitutional rights by being deliberately indifferent to any basic human needs with any evidence. Defendants also assert that Defendant Jenkins is entitled to qualified immunity and that Plaintiff cannot prove municipal liability because there is no evidence of an unconstitutional custom, policy, or practice of Logan County. Defendants attach numerous exhibits to their motion.

In response to the motion for summary judgment, Plaintiff filed a one-page letter asking that the Court not enter summary judgment against him but give him a chance to prove his case at trial (DN 48). However, Plaintiff also filed a pretrial memorandum (DN 42). In his pretrial memorandum, Plaintiff states that he plans to call Frank Kondracki to testify as an expert witness. Plaintiff states that he is allergic to penicillin, a form of mold. He states that when he was shipped to RCC he received further treatment for his allergies for fluid that "built on my ears over a period of time when I first had an allergenic reaction to the conditions in jail." He states that he "suffers from post traumatic stress disorder from being forced to live under the conditions of the L.C.D.C. and the indifference and unfair treatment and it has also caused damage[] to my personal life destroying relationships with friends and family."

In reply (DN 49), Defendants point out that in Plaintiff's pretrial memorandum Plaintiff

3

states that he intends to call Frank Kondracki as an expert witness but does not state that he has retained him as an expert or what his expected testimony is, nor does he submit a sworn statement by Mr. Kondracki. They also argue that Plaintiff merely expresses his opinion that his medical conditions were caused by conditions at LCDC.

Plaintiff then filed what the Court considers to be a sur-response (DN 52), in which he argues that there are actual issues in controversy. Plaintiff states: "There is the condensation issue wherein the cell remained wet and dank all the time with mold setting in. That problem has existed since 2008 or 2009 with Bill Jenkins having knowledge of that for the past four or five years." He continues, "I do not have the financial resources to contact every witness involved to obtain their sworn statements. In a jury trial I will have the option to have witnesses subpoenaed, both laymen and expert to get their statement under oath." He asks for "a further extension [of time] to obtain my medical records which will show my medical disorders and what medications were prescribed as well as what doctor prescribed them with his diagnosis and treatment plan." Plaintiff does not address Defendants' argument that he failed to exhaust his administrative remedies.

Since filing his sur-response, Plaintiff has filed exhibits (DN 53) containing medical records. In a sur-reply (DN 54) filed in response to those exhibits, Defendants point out that the medical records tendered by Plaintiff only indicate that beginning on May 14, 2014, *i.e.*, nearly two weeks after Plaintiff's deposition and nearly a year and a half after leaving LCDC, mental health professionals at RCC suspected that Plaintiff was experiencing somatic delusion disorder.

***Whether more time is needed for discovery***

Before turning its attention to the merits of the summary-judgment motion, the Court will

consider whether Plaintiff should be afforded more time for discovery. The Court finds that Plaintiff had ample opportunity for discovery.[2] The Court extended the original discovery deadline. *See* DN 38. In the same Order, the Court also denied Plaintiff's request for an investigator to be provided for him explaining that the Court does not have funds to hire investigators and parties to suits must obtain the evidence they need through the appropriate discovery procedures. To the extent that Plaintiff is arguing that this case should continue to trial because then he will have the option to subpoena witnesses (both expert and non-expert non-prisoners) for free, such an argument is faulty. For Plaintiff to subpoena non-prisoner witnesses, Plaintiff must pay both witness and mileage fees, and this Court may not waive or pay those fees on his behalf. *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (holding federal courts are not authorized to waive or pay these fees on behalf of an *in forma pauperis* litigant); *Kean v. Van Dyken*, No. 4:05-cv-64, 2006 WL 374502, at *3-4 (W.D. Mich. Feb. 16, 2006) (same; collecting cases). Additionally, his request for more time to obtain his medical records is now moot because he has submitted those records. Moreover, as will be seen below, Plaintiff's failure to administratively exhaust is dispositive, and none of Plaintiff's arguments relating to needing more time relate to the exhaustion of his administrative remedies.

---

[2] Under Fed. R. Civ. P. 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

*Failure to exhaust*

Prisoner civil rights cases are subject to the Prison Litigation Reform Act's (PLRA) mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The Supreme Court provided further clarification of the PLRA's exhaustion rule in *Jones v. Bock*, 549 U.S. 199 (2007). The Court struck down the Sixth Circuit's rule which placed the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Jones*, 549 U.S. at 216. The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

Here, Defendants attach to their summary-judgment motion a copy of the LCDC inmate rules which include the following provision as to grievances: "The grievance will be answered by Supervisor or the Jailer's Designee. If not satisfied with the disposition/answer of the

Supervisor/designee, the inmate has two (2) days to appeal to the Jailer. If not satisfied with jailer's disposition/answer, the inmate has five (5) days to appeal to the County Judge Executive." Defendants also attach the affidavit of Logan Chick who avers that he has been the Logan County Judge Executive since 2007 and that he did not receive an appeal from an LCDC grievance from Dennis Calloway in 2012 or 2013. Thus, according to the KCDC grievance rules, in order for an inmate to exhaust fully his grievance remedies, he must appeal all the way to the County Judge Executive. And, according to the affidavit of the Logan County Judge Executive, Plaintiff did not file any appeal.

Whether or not Plaintiff did file a grievance regarding mold at LCDC causing his skin condition, Plaintiff has not offered any proof and does not argue that he fully exhausted his grievances by appealing to the County Judge Executive. Plaintiff's complaint (DN 1) is verified, and statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. Fed. R. Civ. P. 56(e) (affidavits opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, Plaintiff's complaint does not contain any statements that he exhausted his administrative remedies. And he has not offered any evidence that, contrary to the affidavit of the Logan County Judge Executive, he, in fact, did exhaust his remedies.[3] Because Plaintiff has not exhausted his administrative remedies, his federal claims are barred by the PLRA exhaustion requirement. Grant of summary

---

[3] The Court has examined the deposition of Plaintiff submitted by Defendants (DN 50) and found no testimony relating to the exhaustion of his administrative remedies.

judgment to Defendants on this basis is therefore appropriate.

## III. CONCLUSION AND ORDER

**IT IS ORDERED** that Defendants' motion for summary judgment (DN 41) is **GRANTED**. A separate Judgment dismissing this case will be entered.

Date: August 28, 2014

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Counsel of record
4414.009